IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTONIO D. MOSS,<br><br>               Petitioner<br><br>   VS.<br><br>ALEXIS CHASE, Warden,<br><br><br>               Respondents | NO. 5:05-CV-180 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner ANTONIO D MOSS has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondents ALEXIS CHASE, Warden of Men's State Prison, has filed a motion to dismiss this petition for lack of exhaustion of state remedies as required by law. Tab #12. Petitioner MOSS has filed his response to the respondent's motion. Tab #16. He has also filed a Motion for Summary Judgment (Tab #18) to which the respondent has filed a response. Tab #25.

28 U.S.C. §2254(b)(1) and (c) provide as follows:

> *(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-*
> > *(A) the applicant has exhausted the remedies available in the court of the State; or*
> > *(B)(i) there is an absence of available state corrective process; or*
> > *(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.*
>
> *(c) An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.*

The respondent argues that petitioner's claims should be dismissed because they have never been presented to the state habeas court for review. Tab #12. In response to the respondent's motion, petitioner does not address the merits of the respondent's motion. He merely states that he does not have to present his claims to the state habeas court because he is merely challenging the parole board's 90% rule. Tab #17. A review of the file in the present case shows that the petitioner has never challenged his convictions before the state habeas court. Accordingly, said convictions are unexhausted for the purposes of federal review.

Because petitioner currently has state remedies available to him, his claims are unexhausted for the purposes federal review. Accordingly, it is RECOMMENDED that the respondent's **MOTION TO DISMISS** (Tab #12) be **GRANTED** and that the petitioner's application for a federal writ of habeas corpus be **DISMISSED**, *without prejudice*[1]. In addition, IT IS RECOMMENDED that the petitioner's **MOTION FOR SUMMARY JUDGMENT** be DENIED, there being no legal or factual basis therefor. Petitioner may refile his federal habeas corpus petition once he has exhausted his state remedies, provided all other requirements of law have been satisfied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 13th day of OCTOBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissals of federal habeas corpus petitions for lack of exhaustion of state remedies are always without prejudice.

[2] In light of the foregoing recommended disposition, all other pending motions are DENIED.